IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHARLES LEWIS BOBO,

      Plaintiff,

6:14-cv-01068-TC

v.

COUNTRYWIDE HOME LOANS,

FINDINGS AND RECOMMENDATION

      Defendant.

COFFIN, Magistrate Judge.

    Plaintiff's Application to Proceed *in forma pauperis* (#2) is allowed. However, for the reasons set forth below, this action should be dismissed *sua sponte* for lack of jurisdiction and failure to state a claim. 28 U.S.C. § 1915(e)(2); see also Sparling v. Hoffman Constr. Co., 864 F.2d 635, 637 (9th Cir. 1988).

    Plaintiff has filed six pro se complaints against various individuals and entities alleging a wide variety of claims. In

1 - FINDINGS AND RECOMMENDATION

D

this action, plaintiff names "Countrywide Home Loans" as the defendant and alleges matters apparently having to do with the foreclosure of his home.

"In federal court, dismissal for failure to state a claim is proper 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Cervantes v. City of San Diego, 5 F.3d 1273, 1274 (9th Cir. 1993) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); Tanner v. Heise, 879 F.2d 572, 576 (9th Cir. 1989). In making this determination, this court accepts all allegations of material fact as true and construes the allegations in the light most favorable to the nonmoving party. Tanner, 879 F.2d at 576.

In cases involving a plaintiff proceeding *pro se*, this court construes the pleadings liberally and affords the plaintiff the benefit of any doubt. McGuckin v. Smith, 974 F.2d 1050, 1055 (9th Cir. 1992); Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988).

Before dismissing a *pro se* civil rights complaint for failure to state a claim, this court supplies the plaintiff with a statement of the complaint's deficiencies. McGuckin, 974 F.2d at 1055; Karim-Panahi, 839 F.2d at 623-24; Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given

leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. Karim-Panahi, 839 F.2d at 623; Noll v. Carlson, 809 F.2d 1446, 1447 (9th Cir. 1987).

As noted above, plaintiff's claims apparently arise out of the foreclosure of his home. However, the nature of the claims are inscrutable. His claims are not alleged in full sentences and although plaintiff apparently believes that the foreclosure was in some manner improper, he does not allege any specific facts that could be construed as constituting a cause of action against defendants. In other words, plaintiff has not alleged what specific conduct on the part of defendant violated his rights.

Pursuant to Fed. R. Civ. P. 8(a), a complaint shall include "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends ..., (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief the pleader seeks." "Each averment of a pleading shall be simple, concise and direct." Fed. R. Civ. P. 8(e).

A district court has the power to dismiss a complaint when a plaintiff fails to comply with Federal Rules of Civil Procedure 8(a) and 8(e). McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996); Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th

3 - FINDINGS AND RECOMMENDATION

Cir. 1981).

If the factual elements of a cause of action are scattered throughout the complaint but are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a) is proper. Sparling v. Hoffman Constr. Co., 864 F.2d 635, 640 (9th Cir. 1988); see also, Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 674 (9th Cir. 1981).

In order to state a claim against a named defendant, plaintiff must allege specific facts about that defendant and identify how that defendant's conduct violated his rights. General allegations are insufficient. The absence of any factual allegations against a named defendant will entitle that defendant to have the complaint dismissed as to him, pursuant to Fed. R. Civ. P. 12(b). Polk v. Montgomery County, 548 F. Supp. 613, 614 (D.Md. 1982). See also, Morabito v. Blum, 528 F.Supp. 252, 262 (S.D. N.Y. 1981). Although pro se complaints are to be interpreted liberally, Haines v. Kerner, 92 S.Ct. 594 (1972), the court may not supply essential elements that are not pleaded. Ivey v. Board of Regents, 673 F.2d 266 (9th Cir. 1982).

For the reasons set forth above, I find that the complaint before the court does not meet the minimal pleading requirements of the federal rules. Assuming that the pleading deficiencies could be cured by amendment, the court is barred from entertaining

4 - FINDINGS AND RECOMMENDATION

plaintiff's claims in this case under the *Rooker-Feldman Doctrine*.

Under the *Rooker Feldman* Doctrine Federal District Courts have no jurisdiction to review the final determinations of state courts. <u>Worldwide Church of God v. McNair</u>, 805 F.2d 888, 890-91 (9th Cir. 1986); <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462, 486 (1983); <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413, 416 (1923) [federal district courts may not exercise appellate jurisdiction over state courts]. This is true even when the challenge to a state court decision involves federal constitutional issues. <u>Branson v. Nott</u>, 62 F.3d 287, 291 (9th Cir. 1995); *see also*, <u>Ritter v. Ross</u>, 992 F.2d 750, 754 (7th Cir. 1993), *cert denied*, 510 U.S. 1046 (1994) [a federal plaintiff may not avoid this jurisdictional issue by casting the complaint in the form of a federal civil rights action].

Despite the lack of clarity of any purported violation of plaintiff's rights, it is clear from plaintiff's allegations and attached exhibits that the import of his claim is that his property was improperly foreclosed. Thus his claim, in essence, constitutes an attack on the validity of the state court judgment of foreclosure. For the reasons set forth above, such a claim is not proper in the federal district court.

## CONCLUSION

Plaintiff's Application to Proceed In forma Pauperis (#2) is

5 - FINDINGS AND RECOMMENDATION

allowed. However, plaintiff's complaint should be dismissed for failure to state a claim. Because the deficiencies of the complaint cannot be cured by amendment, the dismissal should be with prejudice. The Clerk of the Court should be directed to enter a judgment accordingly.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to <u>de novo</u> consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

////

////

////

6 - FINDINGS AND RECOMMENDATION

*Any appeal from an order adopting this Finding and Recommendation or Judgment of dismissal would be frivolous and not taken in good faith.*

IT IS SO ORDERED.

DATED this 28 day of July, 2014.

_____
Thomas M. Coffin
United States Magistrate Judge

7 - FINDINGS AND RECOMMENDATION